**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

INARA CEDRINS,

          Plaintiff,

  vs.                               No. CIV 09-0262 JB/RLP

RAMESH KUMAR SHRESTHA,

          Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LIMITED WAIVER OF COSTS**
**AND DISMISSING ACTION WITHOUT PREJUDICE**

Plaintiff Inara Cedrins ("Cedrins") seeks the Court's order authorizing her to proceed with this litigation without the payment of costs or fees. See Doc. 2. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs. The intent of this statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Cedrins submitted an affidavit indicating that she is indigent. She alleges that she is unemployed and has no savings or other assets which she can use in the prosecution of this litigation. Based on Cedrins' affidavit, the Court will authorize the filing of her "complaint" without the payment of a filing fee.

**Authority for *Sua Sponte* Analysis**

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).  In response to this concern, Congress authorized federal courts to dismiss an *in forma pauperis* pleading "if the court determines that . . . the action . . . is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, federal courts may conduct a *sua sponte* review of a complaint pursuant to this section and dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged.  See Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Cedrins is dissatisfied with the outcome of a domestic relations case tried in the First Judicial District State Court.  That case is captioned "Inara Cedrins, Petitioner versus Ramesh Kumary Shrestha, Respondent," Docket No. D-0101-DM-2008-00284.  See attachment to Doc. 1. The Judgment and Final Decree of Dissolution of Marriage entered by the Honorable Barbara J. Vigil, District Judge, states that the domestic relations case went to trial on January 12, 2009, but that Cedrins, although given notice of the proceeding, failed to appear.  Nonetheless, the court proceeded with the trial, issued findings, divided property, and dissolved the marital relationship.

Cedrins brought this action as an "Appeal of Plaintiff's Petition for Annulment Due to Marriage Fraud."  Doc. 1.  It appears to the Court that Cedrins may have filed her pleading in the wrong forum.  If she intends an appeal from the State court's ruling, her appeal should be docketed in an appropriate State appellate court.  The United States District Court, of course, does not sit in review of judgments of sister state courts.  See Ford v. Strickland, 696 F.2d 804, 845 n.1a (11th Cir)(noting it is a fundamental principle that federal courts do not sit to review state courts' decisions on matters of state law), cert. denied, 464 U.S. 865 (1983).  Thus, the most reasonable course of action is to dismiss this lawsuit quickly to allow Cedrins to proceed, if time permits, with an appeal of her claim before the appropriate State appellate court.

Beyond seeking an appeal of the State court's ruling, Cedrins raises a number of unrelated claims, including allegations that her spouse committed a crime by fraudulently entering into a marital relationship "for the purpose of evading any provision of the immigration laws of the United States . . . ." Doc. 1 at 1. She also alleges that her spouse "stole government benefits and defrauded IRS in filing an individual tax return . . . ." Id. She further contends that her spouse breached the marital contract and caused her to suffer emotional distress. See id. at 2. She asserts various complaints concerning her prior attorneys, Mr. Richard Shapiro and George Adelo. See id. Finally, she contends that a non-party, James Prewitt, was complicit with her spouse in the commission of various crimes.

To the extent that any of these claims have legitimacy, Cedrins has again chosen an improper forum. For example, to the extent she alleges the commission of criminal acts, she should refer those matters to appropriate law-enforcement officials or to the United States Attorney. They are not matters properly before a federal court in a civil action.

So, too, should Cedrins have malpractice claims against her former attorneys, they should be prosecuted in a state court. They could be brought in a federal forum only if there is diversity of citizenship and if the claims meet the threshold jurisdictional amount. See 28 U.S.C. § 1332. In this case, the attorneys and Cedrins are all residents of the same state, and, thus, complete diversity does not exist. The lack of diversity is fatal to a federal jurisdictional claim.

The same is true with any claims Cedrins may have against the non-party, James Prewitt. He, too, appears to be a New Mexico resident. There is no indication on the face of Cedrins' Complaint that she is asserting damages that meet the requisite jurisdictional amount. Thus, whatever grievances Cedrins has against Prewitt could be prosecuted elsewhere.

In sum, there is no federal jurisdiction shown on the face of the Complaint.  <u>See</u> 28 U.S.C. § 1332(a)(1).

**IT IS ORDERED** that Cedrins' Motion to Proceed *In Forma Pauperis* is granted, she is allowed to file her Complaint, but Cedrins' lawsuit is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Inara Cedrins
Cerrillos, New Mexico

       *Plaintiff pro se*